UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MELISSA PEVAHOUSE, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 4:12 CV 0014HEA |
| CAROLYN W. COLVIN[1], Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq* and Supplemental Security Income (SSI) under Title XVI, 42 U.S.C. §1381, *et seq*. For the reasons set forth below, the Court affirms the Commissioner's denial of Plaintiff's applications.

**Facts and Background**

When Plaintiff appeared to testify at the hearing on June 9, 2011 she was 29 years old. The onset date of her disability is October 1, 2008. Plaintiff testified she

---

1 Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

has a twelfth grade education and is attending college at St. Louis Community College at Forest Park. She has previously worked as a bartender for about a month and a half, a cashier, receptionist, file clerk/transporter, office manager, security guard, and as a waitress.

Plaintiff also testified that a number of jobs she worked were lost due to her inability to perform as a result of her back pain issues.  She is also unable to lift her youngest child to take care of that child as she is limited to lifting no more than 10 pounds. She is lying down about 80% of the day and does not sleep very well at night due to the pain, which she rates at a level of 8 without medication and a level of 5 with medication.  The ALJ found Plaintiff had the severe impairments of degenerative disc disease.

A vocational expert, Ms. Young, also testified.  The VE testified, in relation to an onset date of October 1, 2008, and in response to a hypothetical that Plaintiff could perform work at the light exertional levels of activity but no work which includes operating foot controls, climbing ladders, climbing ropes or work on scaffolds. She cannot engage in any kneeling, crouching, or crawling, but she can occasionally climb ramps or stairs.  She also requires a sit/stand option every 60 minutes throughout an eight-hour workday while remaining on task. She is to avoid all operational control of moving machinery, working at unprotected heights,

and the use of hazardous machinery. She is also limited to work that involves only simple, routine and repetitive tasks.

Plaintiff's application for social security and supplemental security income benefits under Titles II, 42 U.S.C. §§ 401, *et seq*., and XVI of the Act, 42 U.S.C. § 1381, *et seq*., was denied on August 3, 2011 resulting from a hearing conducted on June 9, 2011. On or about September 30, 2011, Plaintiff timely filed a Request for Review of Hearing Decision. On November 17, 2011, the Appeals Council denied her Request for Review. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

**Standard For Determining Disability**

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate

area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e).  At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611.  If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step.  Id...  At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled.  *Moore*, 572 F.3d at 523.  At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy.  *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

## ALJ's Decision

In the application of the five-step analysis, the ALJ in this case determined at Step One, that Plaintiff had not engaged in substantial gainful activity since October 1, 2008 and that Plaintiff met insured status requirements through March 31, 2013. The ALJ found at Step Two that Plaintiff has a severe impairment of degenerative disc disease.

At Step Three, the ALJ found that Plaintiff does not suffer from an impairment or combination of impairments of a severity that meets or medically equals the required severity of a listing in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520 (d), 404.1525, 404.1526, 416.920 (d), 416.925 and 416.926).

Prior to Step Four, the ALJ determined the RFC of Plaintiff to be as follows: to perform to perform a light work except, "she is unable to climb ladders, ropes or scaffolds, kneel, crouch or crawl; she can occasionally climb ramps or stairs and stoop. She requires a sit/stand option every 60 minutes throughout the eight-hour workday while remaining on task. She is unable to use her lower extremities for foot control operation. She is to avoid all operational control of moving machinery, working at unprotected heights, and the use of hazardous machinery. Further, she is limited to work that involves only simple, routine and repetitive tasks.

At Step Four, the ALJ found she was unable to perform any past relevant work.

At Step Five, the ALJ found that there were other jobs that existed in significant numbers in the national economy Plaintiff could perform. The ALJ, therefore, found Plaintiff not disabled, and denied the benefits sought in her Applications.

## Standard For Judicial Review

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. Id. However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" Id. (quoting Gonzales v. Barnhart, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent

positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)). The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

## Discussion

In her appeal of the Commissioner's decision, Plaintiff makes the following arguments: (1) The ALJ failed to properly consider Residual Functional Capacity; (2) The ALJ failed to properly consider opinion evidence; (3)The ALJ failed to consider all of Plaintiff's severe medically determinable impairments.

**RFC**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. See 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); see also 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole,

8

including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. See *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

(1) the claimant's daily activities;

(2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) any precipitating or aggravating factors;

(4) the dosage, effectiveness, and side effects of any medication; and

(5) the claimant's functional restrictions.

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints.

*Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." Id. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. Id. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988).

The ALJ found that Plaintiff had the residual functional capacity to perform light work, subject to certain nonexertional limitations discussed above. Plaintiff, in support of her request to remand, contends that this finding was in error because it did not reflect limitations due to her kidney stones. She also claims that there is no "medical evidence" to support the finding of residual functional capacity and that the ALJ should have recontacted treating/examining physicians to obtain assessments of her residual functional capacity.

It is the claimant's burden to prove residual functional capacity. *See Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). The ALJ has the primary responsibility to assess the claimant's residual functional capacity based on all relevant evidence. *See Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000), citing *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). Such evidence

includes the medical records, the observations of treating physicians and others, and the claimant's own description of her limitations. *See McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000), citing *Anderson*, 51 F.3d at 779; *see also Dykes v. Apfel*, 223 F.3d 865, 866-67 (8th Cir. 2000).

Here, the credibility of Plaintiff was considered by the ALJ in arriving at his determination. In doing so he considered the entirety of the record in analyzing her subjective complaints. The ALJ reviewed and considered the medical records; statements by the claimant and third parties; the claimant's daily activities; the duration, frequency and intensity of pain; the dosage, effectiveness, and side effects of medication; precipitating and aggravating factors; and functional restrictions. In so doing the ALJ properly concluded that the objective medical evidence concerning Plaintiff's kidney stones was inconsistent with her claim that they cause such severe pain that she cannot work. A CT scan done September 3, 2011 to evaluate complaints of right flank pain showed "bilateral nonobstructing renal stones similar to that from 05/06/2011. There is no hydronephrosis. There are no ureteral stones or bladder stones" (emphasis added) (Tr. 483, 492). The evidence supported the finding of the ALJ.

The objective medical evidence concerning degenerative disc impairment was inconsistent with Plaintiff's subjective complaints as well. The credible medical evidence in the record found by the ALJ demonstrated that Plaintiff

treated with, or sought opinions from, two orthopedists. Dr. Taylor concluded Plaintiff needed surgery and Plaintiff wished to avoid surgery and did not return to see Dr. Taylor. She next saw Dr. Zebala who found she had degenerative disc disease and he recommended surgery as well. Again Plaintiff did not return. The Eighth Circuit has consistently held that allegations of a disabling impairment may be properly discounted because of inconsistencies such as minimal or conservative medical treatment. *See Loving v. Dept. of Health & Human Services*, 16 F.3d 967, 970 (8th Cir. 1994).

The ALJ properly noted that none of the doctors who had treated or examined Plaintiff recommended any functional restrictions that would have prevented her from all work activity (Tr. 15-16, 18). *See Hensley v. Barnhart*, 352 F.3d 353, 356 (8th Cir. 2003) (subjective complaints of pain where doctors placed few, if any, functional limitations on claimant). "We find it significant that no physician who examined Young submitted a medical conclusion that she is disabled and unable to perform any type of work." *Young v. Apfel*, 221 F.3d 1065, 1069 (8th Cir. 2000), citing *Brown v. Chater*, 87 F.3d 963, 964-65 (8th Cir. 1996).

The ALJ also properly found Plaintiff's reported activities of daily living did not reasonably suggest that she was as limited by pain as she had alleged. "[A]cts such as cooking, vacuuming, washing dishes, doing laundry, shopping, driving,

and walking, are inconsistent with subjective complaints of disabling pain." Medhaug v. Astrue, 578 F.3d 805, 817 (8th Cir. 2009). She was married and the stay-at-home mother of three small children (Tr. 15, 32). Her husband worked outside the home (Tr. 15, 34-35). Plaintiff was able to drive on occasion, such as picking up her children from school on a regular basis, to do errands, and to attend the ALJ hearing (Tr. 15, 33). She attended community college, twice a week for one hour at a time (Tr. 15, 34). She testified that she spent 80% of her time lying down (Tr. 15, 45).

On the issue of re-contacting medical sources by the ALJ it is well settled that The ALJ did not err by refusing to recontact the physicians who had treated or examined Plaintiff when he could determine from the record whether Plaintiff was disabled. *See Sultan v. Barnhart*, 368 F.3d 857,863 (8th Cir.2004). Here, the administrative record in this case contains many medical records – including those obtained by Plaintiff's counsel after the hearing -- that provided the basis upon which the ALJ made an informed determination of the merits of Plaintiff's disability claim. There is substantial evidence in the record, from both treating and examining physicians to enable the ALJ to determine the merits of Plaintiff's disability claims. All records, opinions, and exams were utilized in proper and appropriate fashion by the ALJ to arrive at his determination. Plaintiff does not articulate what if any medical evidence the ALJ should have sought.

Plaintiff also asserts the ALJ improperly "drew his own inferences from medical reports. As the Eighth Circuit recognized in Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir. 2000) and *Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000), the formulation of residual functional capacity is a medical question. It is not based only on 'medical' evidence, i.e., evidence from medical reports or sources; rather, an ALJ has the duty, at step four, to formulate residual functional capacity based on all the relevant, credible evidence of record. *See McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The ALJ in this case properly evaluated all the evidence of record and concluded that Plaintiff's residual functional capacity was restricted, but not to the degree she alleged.

The ALJ's findings were clearly based upon the substantial evidence on the record as a whole. The ALJ summarized Plaintiff's testimony regarding her limitations, the medical evidence in the record, and made specific credibility findings. The ALJ applied the proper standard to the facts and the determination of Plaintiff's RFC is supported by the record as a whole.

## Conclusion

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 24th day of February , 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE